# Harwell & Clark v. Lehman & Son.

1. *Plea of set-off; when not sustained by evidence.*—When, in an action on a note, there is interposed a plea of set-off, founded upon damages claimed by reason of plaintiff's failure to deliver certain goods as agreed upon when the note sued on was executed, but the defendant does not introduce evidence of the difference between the contract price of the goods and their value at the time and place of delivery, and thereby fails to furnish a basis for the ascertainment of the damages claimed, the plea of set-off is not sustained, and judgment should be rendered for plaintiff on such plea.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. N. D. DENSON.

This suit was on a note by appellants to appellees for $75.99, dated August 5, 1891, and payable 1st of October thereafter. There was no plea of the general issue ; but there were two special pleas, Nos. 1 and 2, and two others in short, viz., failure of consideration and tender; but there was no evidence introduced on the two latter. The case was tried on the special pleas. The first of these was a plea of set-off of $50, which, it is averred, the plaintiffs owed the defendants at the time said note was executed ; and it is further averred in said plea that, at the time said note was executed, there was an unsettled account between plaintiffs and defendants, which was disputed in part, and it was agreed, "that in consideration that defendants would, at that time, pay the full amount claimed by plaintiffs, and execute said note declared on, the plaintiffs did agree in writing to sell and ship to defendants one barrel of McBrayer whisky on or by the 1st of October, 1891, for, and at the price of $2.85, which defendants aver was 90 cents under the market value of such goods," &c., and it is also further averred in said plea, that plaintiffs failed and refused to ship to them the said barrel of whisky, which contained 45 gallons or more ; and in consequence of such failure, defendants were damaged to the extent of $40.50. The second special plea is to the effect that plaintiffs owed the defendants $50 on their claim against them for their failure to ship said whisky, whereby they were damaged to that extent.

40

[Harwell & Clark v. Lehman & Son.]

The facts of this case, as shown by the bill of exceptions, are, that defendants below, appellants here, owed the plaintiffs, appellees, an unsettled account for goods and merchandise which plaintiffs had sold to them. The sales had been made to defendants by one A. P. Ingram, who represented the plaintiffs. James L. Harwell, one of the defendants, testified that all the transactions they had had with plaintiffs were through said Ingram, the travelling salesman of plaintiffs; that they notified said Ingram that several of their purchases of goods from him had come up short, for which they claimed an offset; that Ingram collected moneys due from defendants to plaintiffs, and on the 5th August, 1891, he came to defendants for a settlement of their accounts with plaintiffs; that it was shown by this settlement that they owed plaintiffs some $300, and they paid Ingram all that was owing except $150.99, and for this amount they gave their two notes payable to plaintiffs, one for $75 and the other for $75.99, which last note is the one sued on, the first note for $75 having been paid by defendants; that they refused to pay the one sued on, unless plaintiffs would ship them a barrel of McBrayer whiskey of 1886, at $2.85 per gallon, for which they had given Ingram an order at the time of settlement.

The deposition of Simon Lehman, one of the plaintiffs, was offered by defendants, who testified, that plaintiffs were wholesale liquor dealers, and had, prior to August 5, 1891, the date of the note in suit, sold several barrels of whiskey to defendants; and on that day, they owed plaintiffs $150.99, for which they gave their notes, one for $75, due September 15th, 1891, which was paid, and one for $75.99, payable October 1st, 1891, which has not been paid; that plaintiff did not, at that time, owe defendants any money,—$50, or any other amount,—and never acknowledged that they owed any such indebtedness, nor authorized any one else to acknowledge or pay defendants anything; that before the last named note became due, defendants gave an order for a barrel of McBrayer whiskey at $2.85 per gallon, which plaintiffs did not ship, because defendants' mode of conducting business was not satisfactory to plaintiffs; that plaintiffs did not care to ship to them, because they took so long to pay their bills; that defendants were hard to deal with, always disputing or claiming something, to evade

or put off paying their bills ; that any order sent by In-gram was sent subject to plaintiffs' approval; that he sent an order for one barrel of McBrayer's, 1886, at $2.85, on 4 months, but not in any way conditional, so far as plaintiffs knew, upon defendants signing said notes, for the amount for which they gave their note was considerably past due and fully owing to plaintiffs ; that Ingram was not sent to defendants by plaintiffs under any special orders ; that said Ingram makes sales for plaintiffs on commissions, and is paid according to the sales he makes. He collected for plaintiffs, as a matter of accommodation, but all orders and collections he sends to plaintiffs are subject to their approval.

The defendants then offered in evidence a paper writ-ing in words and figures as follows : "8–5, 1891. In con-sideration of a settlement, we agree to ship to Harwell & Clark 1 bbl. McB., 1886—2.85 ; 4 Mo's, Oct. 1. [Signed] A. P. Ingram for S. Lehman & Son." This paper, as was shown, was given by Ingram to defend-ants, on the day of settlement. It was objected to by plaintiffs as evidence against them ; and the objection was sustained, and defendants excepted.

This was all the evidence, and at the request of plain-tiffs in writing, the court gave the general charge in their favor, to which defendants excepted. There was judgment for plaintiffs. The defendants appeal and assign as error the exclusion of said paper writing, the giving of the general charge for plaintiff, and the judg-ment of the court against defendants.

JOHN A. TERRELL, for appellants.

H. A. GARRETT, contra.

HARALSON, J.—The evidence of the defendants makes it satisfactorily appear, that they owed the plain-tiffs the full amount for which they gave their notes. The fact that they gave their notes for it is *prima facie* evidence of such indebtedness. The only claim that they make against the note sued on is, that, at the time it was given to Ingram, they claimed that some of the goods, for which the open account of plaintiffs against them was made, had come up short, and that they refused to settle the same, unless plaintiff would ship to them a

barrel of McBrayer whiskey, on 4 months time, at $2.85 per gallon, for which they gave Ingram an order, at the time of settlement. The plaintiffs claim, and offer evidence to show, that Ingram had no authority to represent them and to make any such settlement; but the contention of the defendants is, that, having accepted and sued on the note, given with such a condition, the plaintiffs ratified Ingram's agreement to ship the barrel of whiskey and are bound by it. If all that defendants claim in this regard were conceded the evidence is wanting, so far as the record discloses, to show that defendants suffered any damage, as claimed in consequence of plaintiffs' failure to ship said whiskey. The measure of damages for the failure to deliver goods according to contract of sale is the difference between the contract price and the value of the chattels at the time and place of delivery, with interest.—5 Amer. & Eng. Encyc. of Law, 30; 3 Brick. Dig., 295, § 27.

What the value of the whiskey was, at the time and place of delivery, no where appears, without which, there was no basis for the claim, or ascertainment of damages, by way of set-off, against plaintiffs' demand.

The court committed no error of which defendants can complain, in its rulings on the exclusion of evidence; and in giving the general charge in favor of plaintiffs, there was no error. The defendants failed to establish the set-off claimed.

Affirmed.